UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Luqiang Chen,<br><br>                Plaintiff,<br><br>- against -<br><br><br>JC ORLANDO INVESTMENT LLC d/b/a The Juicy Crab, JC ORLANDO INVESTMENT III LLC d/b/a The Juicy Crab, and Li Zhao,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Luqiao Chen (hereinafter "Plaintiff") brings this action pursuant to § 17 of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"), 29 U.S.C. § 217, and Florida Civil Rights Act of 1992 (hereinafter "FCRA") to have defendant, JC ORLANDO INVESTMENT LLC d/b/a The Juicy Crab, JC ORLANDO INVESTMENT III LLC d/b/a The Juicy Crab, and Li Zhao (hereinafter "Defendants") restrained from withholding unpaid overtime compensation due as the result of violations of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime compensation, together with an equal amount as liquidated damages.

**INTRODUCTION**

1. Defendants operate restaurants in Orlando, Florida, and are in violation of the FLSA, Title VII of the Civil Rights Act (hereinafter "Title VII"), and Florida State Labor Law. They have required employees to work substantial overtime hours without providing the legally

mandated compensation. Additionally, Defendants failed to pay the plaintiff the minimum hourly wage, thereby depriving him of wages lawfully owed. Furthermore, Defendants have also engaged in discriminatory practices against employees of Chinese origin, including Plaintiff, and unlawfully terminated his employment in retaliation for asserting his rights.

2.     Plaintiff, Luqiao Chen, was employed by Defendants as a server and bartender restaurant at JC ORLANDO INVESTMENT III LLC, doing business as The Juicy Crab, located at 296 E Michigan St, Orlando, FL, and at JC ORLANDO INVESTMENT LLC, also doing business as The Juicy Crab, at 7308 International Dr, Orlando, FL and was damaged by their illegal policy and practices. Plaintiff was harmed by Defendants' unlawful policies and practices, including the failure to pay minimum wage and overtime as required under the FLSA and Florida labor law. Through this action, Plaintiff seeks to recover unpaid wages, overtime compensation, liquidated damages, compensation for discrimination and retaliation, attorneys' fees, and associated costs.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 et seq.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the Defendants reside in and do business within this District. In addition, a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred within this District.

## PLAINTIFF

5.     Plaintiff Luqiao Chen was employed by Defendant JC Orlando Investment III LLC, operating as The Juicy Crab, from April 27, 2023, to July 17, 2023, at 296 E Michigan St, Orlando, FL. Following that, from July 21, 2023, to March 28, 2025, Plaintiff worked for Defendant JC

Orlando Investment LLC, also doing business as The Juicy Crab, at 7308 International Dr, Orlando, FL. During both employment periods, Plaintiff served as a server and bartender. He also performed additional duties such as tidying up the bar, cleaning, cutting fruit, and organizing supplies, although his work was only officially recorded as a server during clock-in times. Plaintiff worked more than 40 hours per week without receiving all the compensation owed to him under the Fair Labor Standards Act (FLSA), and Defendant did not pay Plaintiff a wage rate that met the requirements of Florida State Law.

## **CORPORATE DEFENDANT**

6. Upon information and belief, Defendant JC ORLANDO INVESTMENT III LLC, d/b/a The Juicy Crab, at all times hereinafter mentioned, has been a Domestic for-Profit Company with a principal place of business located at 296 E Michigan St, Orlando, FL. That is engaged in commerce in the United States and is otherwise subject to the FLSA.

7. Upon information and belief, Defendant JC ORLANDO INVESTMENT III LLC, d/b/a The Juicy Crab is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

8. Upon information and belief, Defendant JC ORLANDO INVESTMENT III LLC, d/b/a The Juicy Crab has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in produced for commerce by any person.

9. Upon information and belief, Defendant JC ORLANDO INVESTMENT III LLC, d/b/a The Juicy Crab has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

10.    At all times relevant to this action, Defendant JC ORLANDO INVESTMENT III LLC, d/b/a The Juicy Crab has been an employer of Plaintiff within the meaning of the FLSA and Florida State Law.

11.    Upon information and belief, Defendant JC ORLANDO INVESTMENT LLC, d/b/a The Juicy Crab, at all times hereinafter mentioned, has been a Domestic for Profit Company with a principal place of business located at 7308 International Dr, Orlando, FL. That is engaged in commerce in the United States and is otherwise subject to the FLSA.

12.    Upon information and belief, Defendant JC ORLANDO INVESTMENT LLC, d/b/a The Juicy Crab is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

13.    Upon information and belief, Defendant JC ORLANDO INVESTMENT LLC, d/b/a The Juicy Crab has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in produced for commerce by any person.

14.    Upon information and belief, Defendant JC ORLANDO INVESTMENT LLC, d/b/a The Juicy Crab has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

15.    At all times relevant to this action, Defendant JC ORLANDO INVESTMENT LLC, d/b/a The Juicy Crab has been an employer of Plaintiff within the meaning of the FLSA and Florida State Law.

16.    Upon information and belief, the Defendants' Restaurants (herein after "The Juicy Crab") are operated as a single integrated enterprise under the common control of Defendants. Specifically, these restaurants are involved in related activities, share the same ownership, and

have a unified business purpose. Furthermore, both restaurants are registered at the same address and share the same principal, Li Zhao.

17. Defendants engaged in related activities performed either through unified operations or common control for a common business purpose, constitutes an enterprise within the meaning of Defendant employed Plaintiff within the meaning § 3(r) of the Act, 29 U.S.C. § 203(r).

### INDIVIDUAL DEFENDANT

18. Upon information and belief, Defendant Li Zhao is the owner, officer, director and managing agent of JC ORLANDO INVESTMENT III LLC, d/b/a The Juicy Crab located at 296 E Michigan St, Orlando, FL, and JC ORLANDO INVESTMENT LLC, d/b/a The Juicy Crab at 7308 International Dr, Orlando, FL and participated in the day-to-day operations of The Juicy Crab, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants, The Juicy Crab.

19. Upon information and belief, Defendant Li Zhao is the registered principal of The Juicy Crab at secretary of state and owns the stock of The Juicy Crab and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

### STATEMENT OF FACTS

20. Defendants committed the following alleged acts knowingly, intentionally and willfully.

21. Defendants knew that the nonpayment of minimum wage, overtime pay, and failure to provide a non-discrimination work environment would financially injure Plaintiff and violate state and federal laws.

22. During all the relevant times, Plaintiff worked for Defendants as a server and bartender, Plaintiff also performed additional duties, including tidying up the bar, cleaning, cutting fruits, and organizing supplies, but his work was only officially recorded as a server during clock-in times.

**_PERIOD I: From April 27, 2023 to July 17, 2023_**

23. Upon information and belief, Plaintiff was employed by JC ORLANDO INVESTMENT III LLC, d/b/a The Juicy Crab, located at 296 E Michigan St, Orlando, FL, from April 27, 2023, to July 17, 2023.

24. During this period, Plaintiff worked six (6) days per week for the first three weeks, and seven (7) days per week thereafter. On each workday, Plaintiff worked from approximately 11:15 am to 10 pm, without any uninterrupted break.

25. Based on this schedule, Plaintiff worked approximately 64.5 hours per week during the first three weeks, and at least 73 hours per week thereafter.

26. Defendants paid Plaintiff a fixed monthly salary of $500 during this period, and he also received daily tips from a shared tip pool, averaging approximately $200 per day. The total compensation received was significantly below the federal and state minimum wage requirements, particularly considering the hours worked and lack of overtime pay.

**_PERIOD II: From July 21, 2023, to March 28, 2025_**

27. Upon information and belief, from July 21, 2023, to March 28, 2025, Plaintiff was employed by JC ORLANDO INVESTMENT LLC, d/b/a The Juicy Crab, located at 7308 International Dr, Orlando, FL.

28. During this period, Defendants discontinued Plaintiff's fixed base salary and compensated him solely through tips received from a tip pool, which averaged approximately $300

6

per day, regardless of hours worked. Plaintiff received no additional wages or overtime compensation from Defendants.

### i. From July 21, 2023 to August 25, 2023

29. Plaintiff worked six (6) days per week, with Monday off. From Tuesday to Thursday, Plaintiff he from 11:30 am to 11 pm, often extending to 12:00 a.m. On Friday through Sunday, his shifts lasted from 11:30 a.m. to 12:00 a.m., frequently extending to as late as 2:00 a.m., averaging around 1:00 a.m. Plaintiff did not receive any uninterrupted breaks and worked at least 75 hours per week.

### ii. From June 7, 2024, to July 27, 2024

30. Plaintiff worked four days per week, with Mondays, Tuesdays, and Wednesdays off. On Thursdays, he worked from 11:30 a.m. to 11:00 p.m.; on Fridays, Saturdays, and Sundays, from 11:30 a.m. to 12:00 a.m. He received no uninterrupted breaks and worked approximately forty-nine (49) hours per week.

### iii. From July 28, 2024 to August 25, 2024

31. Plaintiff worked five (5) days per week, with Mondays and Tuesdays off. From Wednesday through Thursday, he worked from 11:30 am to 11 pm; on Fridays through Sundays, he worked until 12 am. Without uninterrupted breaks, Plaintiff worked approximately sixty and half (60.5) hours per week.

### iv. From August 26, 2024 to January 19, 2025& From March 20, 2025 to March 28, 2025

32. Plaintiff worked seven (7) days per week. From Monday to Thursday, he worked from 11:30 a.m. to 11:00 p.m.; from Friday to Sunday, from 11:30 a.m. to 12:00 a.m., without breaks. He worked at least eighty-three and half (83.5) hours per week.

33. Throughout both employment periods, Defendants knowingly and willfully failed to pay Plaintiff the required minimum wage under Florida law and failed to pay overtime compensation at a rate of one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty (40) per week, in violation of the Fair Labor Standards Act and Florida labor laws.

34. The FLSA requires Defendant to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours in a week.

35. By failing to compensate Plaintiff in accordance with the FLSA and Florida labor law, Defendants deprived Plaintiff of substantial overtime wages to which he was lawfully entitled.

36. While employed by Defendants, Plaintiff was a non-exempt employee under both federal and state wage and hour laws and therefore qualified to receive overtime pay for hours worked in excess of forty (40) hours per week.

37. Throughout his employment, Plaintiff was not given an accurate statement with each payment of wages reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

38. Defendants committed the foregoing alleged acts knowingly, intentionally and willfully against Plaintiff.

39. Defendants knew that committing the foregoing alleged acts would financially injure Plaintiff and violate state and federal laws.

40. Since July 2023, Defendants have maintained and enforced a discriminatory policy in the workplace whereby employee compensation is determined based on national origin, despite employees performing the same job duties. Specifically, servers of other national origin receive both an hourly wage and tips from the tip pool, while servers of Chinese origin, including Plaintiff, are denied an hourly wage and compensated solely through tips.

41. At all relevant times, Plaintiff was fully qualified for his position and consistently performed his job duties without issue. He was never subject to any disciplinary action.

42. Plaintiff was terminated shortly after raising concerns regarding the unequal treatment of Chinese employees and requesting pay equal to that of American employees performing the same work.

43. Defendants acted knowingly, intentionally, and willfully in discriminating against Plaintiff and terminating his employment in retaliation for asserting his rights.

44. Defendants were aware that terminating Plaintiff's employment in response to his complaints would cause him financial harm.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Federal Labor Standards of Act---Minimum Wage]

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and in the prod production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

47. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

48. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

49. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

50. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for some or all of the hours they worked.

51. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

52. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II
### [Violation of Florida State Law--- Minimum Wage]

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. At all relevant times, Defendants maintained a policy and practice of failing to pay Plaintiff the statutory minimum wage for all hours worked, in violation of the FLSA and the Florida Minimum Wage Act.

55. Under the Florida Minimum wage law the employers are permitted to take a tip credit toward the minimum wage for tipped employees, provided they comply with the

requirements of the FLSA. This includes providing adequate notice to employees and ensuring that the combined amount of direct wages and tips received meets or exceeds the applicable minimum wage. During Plaintiff's employment, the applicable Florida minimum wage rates were as follows:

a) From September 30, 2022, to September 29, 2023: $11.00 per hour (minimum direct wage for tipped employees: $7.98/hour)

b) From September 30, 2023, to September 29, 2024: $12.00 per hour (minimum direct wage: $8.98/hour)

c) As of September 30, 2024: $13.00 per hour (minimum direct wage: $9.98/hour).

56. Here, Defendants failed to pay Plaintiff the required direct wage during his employment. Specifically, beginning in July 2023, Plaintiff received no direct wages and was compensated solely through tips, in clear violation of Florida's minimum wage requirements.

57. Defendants knowingly and willfully disregarded the provisions of Section 24 of the Florida Constitution and the Florida Minimum Wage Act as evidenced by failing to compensate Plaintiff at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**COUNT III**
**[Violation of the Fair Labor Standards Act---Overtime Wage]**

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

60. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

61. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the covered non-exempt Plaintiff and other employees similarly situated from which the amount of each Defendant's liability can be ascertained.

62. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

63. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4. 125. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's.

64. Defendants knew or should have known their foregoing conduct would financially injure Plaintiff.

65. As a result of the Defendants' willful, unreasonable and bad faith violations of the FLSA, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated

damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## COUNT IV
**[Violation of Title VII---National origin Discrimination]**

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964 by virtue of his national origin.

68. Defendants engaged in unlawful employment practices by discriminating against Plaintiff based on his national origin, including, but not limited to, denying him equal pay and ultimately terminating his employment after he raised concerns about disparate treatment.

69. Defendants knew or reasonably should have known of discriminatory conduct but failed to take appropriate corrective action.

70. The discriminatory actions were undertaken willfully, intentionally, and with reckless disregard for Plaintiff's federally protected rights.

71. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered loss of employment, loss of income and benefits, emotional distress, mental anguish, humiliation, and a loss of enjoyment of life. Plaintiff is entitled to compensatory damages, including back pay, front pay, and damages for emotional harm, as well as attorneys' fees and costs.

## COUNT V
**[Violation of Title VII---Racial Discrimination]**

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964 by virtue of his race.

74. Defendants engaged in unlawful employment practices by discriminating against Plaintiff on the basis of his race. This discriminatory conduct included providing unequal compensation, assigning less favorable employment conditions, and ultimately terminating Plaintiff's employment after he raised concerns regarding disparate treatment compared to non-Chinese employees performing the same duties.

75. Defendants knew or should have known that their actions constituted racial discrimination, yet failed to prevent or remedy the conduct.

76. The discriminatory conduct was willful, deliberate, and carried out with reckless disregard for Plaintiff's federally protected rights.

## COUNT VI
### [Violation of 29 U.S.C. § 215(a)(3) --- Retaliation]

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The FLSA prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against an employee because such employee has filed any complaint . . . related to this chapter." 29 U.S.C. § 215(a)(3).

79. Plaintiff engaged in protected activity under Title VII by raising concerns to Defendants regarding unequal treatment, including discriminatory compensation practices based on race and national origin. Shortly after Plaintiff engaged in this protected activity, Defendants terminated his employment.

80. Defendants' actions constitute unlawful retaliation in violation of both Title VII of the Civil Rights Act of 1964 and Section 215(a)(3) of the FLSA, which prohibit employers from retaliating against employees who assert their rights under these statutes.

81. Defendants' retaliatory actions toward Plaintiff were willful, as they knew or should have known that their conduct was unlawful under both 29 U.S.C. §215(a)(3) and Title VII. .As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and emotional distress.

82. Due to Defendants' willful, unreasonable, and bad faith violations of the FLSA, Plaintiff is entitled to all legal and equitable relief permitted by law, including back pay and benefits, interest on back pay and benefits, front pay and benefits, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest, costs, attorney's fees, and any other relief that the Court may deem just and proper.

**COUNT VII**
**[Violation of Fla. Stat. § 760.10(1)(a) --- Hostile Work Environment]**

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.10(1)(a), provides in relevant part:

> "It is unlawful for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status."

85. A hostile work environment claim arises when the workplace is permeated with discriminatory intimidation, ridicule, or insult that is sufficiently severe or pervasive to alter the conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

86. Here, the discriminatory pay structure maintained by Defendants, which systematically denied hourly wages to employees of Chinese origin while compensating similarly situated non-Chinese employees more favorably, constitutes ongoing discriminatory treatment tied directly to national origin and race. Defendants subjected Plaintiff to a hostile work environment based on his race and national origin by maintaining a discriminatory compensation policy that denied Chinese-origin employees hourly wages while compensating non-Chinese employees for the same work with both wages and tips.

87. The discriminatory conduct was severe and pervasive, altering the terms and conditions of Plaintiff's employment. The policy created an ongoing, humiliating, and economically harmful environment that interfered with Plaintiff's ability to perform his job.

88. Defendants' conduct created a severe and pervasive environment of discriminatory treatment based on national origin in violation of Fla. Stat. § 760.10(1)(a). Due to Defendants' knowing, willful, and bad-faith violation of the Florida Civil Rights Act, Plaintiff is entitled to all legal and equitable relief permitted by law, including back pay, front pay, compensatory damages, prejudgment interest, attorney's fees, costs, and such other relief as the Court deems just and proper.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA and Florida Law;

b) An injunction against JC ORLANDO INVESTMENT LLC d/b/a The Juicy Crab, JC ORLANDO INVESTMENT III LLC d/b/a The Juicy Crab, and Li Zhao, and its officers, agents, successors, employees, representatives and any and all persons acting in concert

with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid minimum wage due under FLSA and Florida Law, plus compensatory and liquidated damages pursuant to 29 U.S.C. § 216(b);

d) An award of unpaid overtime wages due under FLSA and Florida Law, plus compensatory and liquidated damages pursuant to 29 U.S.C. § 216(b);

e) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

g) An award of compensatory damages due Plaintiff as a result of Defendants' discriminatory practice in violation of FLSA and Tittle VII;

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful creation of Hostile Work Environment in violation of Fla. Stat. § 760.10(1)(a);

i) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees; and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

| | |
|---|---|
| Dated: Flushing, New York,<br>April 29, 2025 | HANG & ASSOCIATES, PLLC.<br><br>*/S/ YUN ZHOU*<br>Yun Zhou, Esq.<br>136-20 38th Ave., Suite 10G<br>Flushing, New York 11354<br>Tel: 718.353.8588<br>yzhou@hanglaw.com<br>*Attorneys for Plaintiff* |